IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Medina Tankers, Inc., | § |
| | § |
| Sound Tankers Inc., | § |
| | § CIVIL ACTION _____ |
| Plaintiffs, | § |
| | § IN ADMIRALTY, Rule 9(h) |
| vs. | § |
| | § |
| Groupe Veritas | § |
| Veritas (India) Limited, | § |
| Verasco FZE | § |
| Hazel International FZE | § |
| Hazel Middle East FZE | § |
| | § |
| Defendants, | § |
| | § |
| and | § |
| | § |
| The Dow Chemical Company | § |
| Dow Chemical International Ltd. | § |
| Eastman Chemical Company | § |
| Eastman Chemical, Europe, Middle East and Africa LLC | § |
| Eastman Chemical International LP, LLC | § |
| ExxonMobil Corporation | § |
| Exxon (Al-Khalij) Inc. | § |
| ExxonMobil Saudi Arabia Inc. | § |
| INEOS Nitriles USA LLC | § |
| INEOS Oligomers USA LLC | § |
| INEOS Olefins, LP | § |
| INEOS Polyethylene LLC | § |
| LG Chem America, Inc. | § |
| OQ Chemicals Corporation | § |
| Shell Oil Company | § |
| Shell Oil Products Company LLC | § |
| TotalEnergies Petrochemicals & Refining USA, Inc. | § |
| TotalEnergies USA International, LLC | § |
| Trafigura AG | § |
| Trafigura Trading LLC | § |
| | § |
| Garnishees. | § |

28959348.1

VERIFIED COMPLAINT WITH REQUEST FOR ISSUE OF
PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT

Medina Tankers Inc. ("MTI") and Sound Tankers Inc. ("STI") bring this action against Groupe Veritas, Veritas (India) Limited, Verasco FZE, Hazel International FZE, and Hazel Middle East FZE *quasi in rem* pursuant to Supplemental Rule B for Certain Admiralty and Maritime Claims, requesting the issue of writs of maritime attachment and garnishment including against Garnishees and state as follows:

### Jurisdiction and Venue

1. This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty or maritime claim within Fed. R. Civ. P. 9(h). STI further brings this action pursuant to 9 U.S.C. §§ 1, 8 for security for arbitration which STI may initiate against defendants in Singapore pursuant to a vessel charter parties between MTI and STI respectively and Hazel Middle East FZE and its alter egos Groupe Veritas, Veritas (India) Limited, Verasco FZE, and Hazel International FZE (collectively, "Charterers" or "Defendants") as more fully detailed below.

2. Venue is proper in this District because the Garnishees are within the meaning of Supplemental Rule B located, can be found, and/or can be served with process in this District.

3. Venue is also proper in this District because one or more Defendants' property is or soon will be in this District, namely, accounts payable from Garnishees to any or all of the Defendants.

4. Defendants cannot be found in this District within the meaning of Supplemental Rule B.

## The Parties

5. MTI and STI are Panama corporations. MTI was the owner at all pertinent times of the liquid products tanker M/T AL MEDINA (IMO 9254939). STI was the owner at all pertinent times of the liquid products tanker M/T UACC SOUND (IMO 9272395).

6. Defendants Groupe Veritas and Veritas (India) Limited are Indian business entities, and Defendants Verasco FZE, Hazel International FZE, and Hazel Middle East FZE are business entities organized under the laws of the United Arab Emirates.

7. Defendants are alter egos of one another, operated and directed together and interchangeably through Groupe Veritas from its offices in Mumbai, India. Defendants' personnel communicate by email through the common domain name "groupeveritas.com" and are located at or managed by persons located at, the Groupe Veritas Mumbai offices, "Principal Office: Veritas House, 70 Mint Road, Fort, Mumbai - 400001. India" which Groupe Veritas advertises as defendants' "corporate headquarters" for defendants' "global organization." Defendants at the "corporate headquarters" share the common telephone numbers, +91 - 22 - 2275 5555 / 6184 0000 and facsimile numbers   +91 - 22 - 2275 5556 / 6184 0001. Defendants have so dominated the corporate forms of each other, that each as alter ego has, including for the charter parties which are the subject matter of this Verified Complaint, primarily transacted each other's business rather and not solely its own corporate business. Defendants have disregarded corporate formalities by interchanging personnel, inadequately capitalized Hazel Middle East FZE which defendants claim is unable to pay the demurrage charges detailed herein, and by information and belief intermingled funds between them. Defendants overlap in ownership, officers, directors, and personnel, have common office space at the Mumbai offices. Defendants

by information and belief do not have arms-length dealings between them and intermingle property between themselves.

8. Garnishees each are entities with offices or agents located in this District which, on information and belief as detailed below, MTI and STI reasonably believe hold accounts which are the property of and/or owing to one or more of the Defendants.

## Facts

### The September 23, 2020 Charter of the M/T UACC AL MEDINA

9. Effective September 23, 2020, Defendants/Charterers through their alter ego, Hazel Middle East FZE (collectively, "Charterers") and MTI entered into a charter party for the M/T UACC AL MEDINA to carry liquid petroleum products (namely, light naphtha) from Hamriyah, United Arab Emirates to Haldia, India.

10. The M/T UACC AL MEDINA charter party required that Charterers to pay demurrage (a charge payable to the owner of a chartered ship in respect of failure to load or discharge the ship within the time agreed) to owner MTI at an agreed rate set rate. Specifically, the charter party fixture recap provided in pertinent part as follows:

>  Demurrage rate: USD 17,000 PER DAY PRO RATA
>
>  PAYMENT: DEMURRAGE (UNDISPUTED) TO BE PAID 7 DAYS IN ARREARS

11. The charter party terms provided in pertinent part that "Charterer shall pay demurrage per running day and pro rata for a part thereof at the rate specified in Part I for all time that loading and discharging and used laytime as elsewhere herein provided exceeds the allowed laytime elsewhere herein specified . . . ."

12. The M/T UACC AL MEDINA was on demurrage from October 14, 2020 1600 hours to October 16, 2020 2230 hours. Charterers are liable to MTI for demurrage for that

period as the charter party specifies, in the total principal amount of $56,525, plus interest, costs, attorneys and arbitrators fees, as detailed below.

13. Charterers in August, 2021 acknowledged that the demurrage was due to STI, however, despite repeated demand, Charterers have not paid the overdue demurrage.

**The December 16, 2020 Charter of the M/T UACC SOUND**

14. Effective December 16, 2020, Defendants/Charterers through their alter ego Hazel Middle East FZE entered into a charter party with STI for the M/T UACC SOUND to carry liquid petroleum products (namely, naphtha) from Hamriyah, United Arab Emirates to Haldia, India.

15. The M/T UACC SOUND charter party required that Charterers to pay demurrage to owner STI at an agreed rate set rate. Specifically, the charter party fixture recap provided in pertinent part as follows:

Demurrage rate: USD 19,000 PER DAY PRO RATA

PAYMENT: DEMURRAGE (UNDISPUTED) TO BE PAID 7 DAYS IN ARREARS

16. The charter party terms provided in pertinent part that "Charterer shall pay demurrage per running day and pro rata for a part thereof at the rate specified in Part I for all time that loading and discharging and used laytime as elsewhere herein provided exceeds the allowed laytime elsewhere herein specified . . . ."

17. The M/T UACC SOUND was on demurrage from December 19, 2020 to January 19, 2020, and under the terms of the charter party Charterers are liable to STI for demurrage for that period as the charter party specifies, in the total principal amount of $208,604.17, plus interest, costs, attorneys and arbitrators fees, as detailed below.

18. Charterers in August, 2021 acknowledged that the demurrage was due to STI, however, despite repeated demand, Charterers have not paid the overdue demurrage.

### Count I – Breach of Contract – Security for Arbitration

19. MTI and STI repeat the foregoing paragraphs.

20. Defendants have breached their maritime contracts with MTI and STI and caused MTI and STI damages, which are subject to Singapore arbitration, for which MTI and STI seek security by way of funds and other property held by Garnishees, as demanded below.

### Count II – Maritime Attachment and Garnishment (Rule B)

21. MTI and STI repeat the foregoing paragraphs.

22. MTI and STI seek issue of process of maritime attachment so that they may obtain security for their claims in arbitration, including interest, costs, attorneys and arbitrators fees, as detailed below.

23. No security for MTI's or STI's claims has been posted by defendants or anyone acting on their behalf.

24. Defendants cannot be found within this District within the meaning of Rule B, but are believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction, namely, accounts owed one or more defendants by garnishees.

### Prayer for Relief

WHEREFORE, MTI and STI pray:

A. That in response to Count I, process of maritime attachment be issued to garnish and attach property of Defendants and each Defendant, including but not limited to, accounts payable owed or to be owed from any Garnishee to any Defendant in the amount of up to at least **$465,129.17** (MTI, principal, $56,525, STI, principal, $208,604.17, plus a further amount for

accrued and accruing interest, costs and attorneys' and arbitrators' fees of at least $200,000) in security of STI's claims to br asserted in the Singapore Arbitration, upon that total amount of **$465,129.17** amount being garnished and attached, this action to be stayed and the amount to await final award in arbitration and judgment entered on such award by this Court;

  B. That in response to Count II since Defendants cannot be found within this District pursuant to Supplemental Rule B, this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of each Defendant's tangible or intangible property or any other funds held by any garnishee, up to the amount of at least the amount demanded herein to secure MTI's and STI's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint;

  C. That as provided in Supplemental Rule B, that such person over 18 years of age be appointed as moved for herein pursuant to Supplemental Rule B and Fed. R. Civ. P. 4(c) to serve process of Maritime Attachment and Garnishment in this action;

  D. That this Court award MTI and STI such other and further relief that this Court deems just and proper.

| | |
|---|---|
| **OF COUNSEL** | YOUNG CONAWAY STARGATT<br>& TAYLOR LLP |
| J. Stephen Simms<br>Simms Showers LLP<br>201 International Circle<br>Baltimore, Maryland 21030<br>Telephone: (410) 783-5795<br>Facsimile: (410) 510-1789<br>jssimms@simmsshowers.com | /s/ *Timothy Jay Houseal*<br>Timothy Jay Houseal (Del. Bar ID No. 2880)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>(302) 571-6682<br>thouseal@ycst.com<br><br>*Attorneys for Medina Tankers, Inc. and Sound Tankers Inc.* |

Dated: January 3, 2022

28959348.1

## **VERIFICATION**

I am a Principal of the law firm Simms Showers LLP, of counsel to MTI and STI.

The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of MTI and STI made available to me by MTI and STI.   MTI's and STI's authorized officers are not readily available in this District to make verifications on MTI's and STI's behalf.   I am authorized to make this verification on MTI's and STI's behalf.

I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in this District.  There is no record of any general or resident agent authorized to accept service of process for any defendant in this District.

>Pursuant to 28 U.S.C. § 1746(1), I solemnly declare under penalty of perjury that the foregoing is true and correct.
>
>Executed on December 30, 2021.
>
>*/s/ J. Stephen Simms*
>J. Stephen Simms
>Simms Showers LLP
>201 International Circle
>Baltimore, Maryland 21030
>Tel:   410-783-5795
>Email: jssimms@simmsshowers.com

28959348.1